Jennifer R. Bergh, Esq.
Nevada Bar No.: 14480
The Law Offices of Michelle Ghidotti
8716 Spanish Ridge Ave., #115
Las Vegas, NV 89148
Phone: (949) 427-2010
Fax: (949) 427-2732
Email: jbergh@ghidottilaw.com

Attorney for Secured Creditor
HMC Assets, LLC solely in its capacity as
Separate Truste of NSP LA TRUST, its
successors and assigns

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

LAS VEGAS DIVISION

| | |
|---|---|
| In Re:  ) | CASE NO.:  18-10577-mkn |
| ) | |
| ANTONIO MARTINEZ  ) | CHAPTER 13 |
| ) | |
| Debtor.  ) | |
| ) | **MOTION TO RECONSIDER** |
| ) | **ENTRY OF ORDER FOR** |
| ) | **VOLUNTARY MORTGAGE** |
| ) | **MODIFICATION MEDIATION** |
| ) | |
| ) | Date:   September 13, 2018 |
| ) | Time:   2:30 p.m. |
| ) | Ctrm:   2 |
| ) | Place:  U.S. Bankruptcy Court |
| ) |           300 Las Vegas Blvd. South |
| ) |           Las Vegas, NV 89101 |
| ) | |
| ) | Judge Mike Nakagawa |
| ) | |
| ) | |
| ) | |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

COMES NOW HMC Assets, LLC solely in its capacity as Separate Truste of NSP LA TRUST, ("**HMC**") by and through its attorney the Law Offices of Michelle Ghidotti, and moves the Court pursuant to the Mortgage Modification Mediation Program Procedures to Reconsider Entry of the Order for Voluntary Mortgage Modification mediation.

## FACTS/PROCEDURAL BACKGROUND

On May 9, 2016, Debtor filed a Chapter 13 Petition in the District of Nevada, Petition No.: 16-12565 (the "**First Petition**").  The First Petition was dismised on May 9, 2016 for the failure to file required documents.  On August 17, 2016, Debtor filed a Second Petition in the District of Nevada, Las Vegas Division, Petition No.: 16-14498-mkn (the "**Second Petition**"). Debtor's Second Petition was dismissed on Februay 8, 2017 for the failure to tender Plan Payments.  Debtor filed yet another Chapter 13 Petition on December 30, 2016, Petition No.: 16-16880 (the "**Third Petition**").   In connection to the Third Petition Debtor was reviewed for a Loan Modification through the MMM Program and was not approved for a Loan Modification.

Debtor filed this Chapter 13 bankruptcy case on February 6, 2018 (the "**Instant Petition**").  A Plan was filed on February 9, 2018.  The Plan treatment includes Creditor for conduit payments.  Creditor holds an Adjustable Rate Note dated December 19, 2006, in the principal amount of $148,000.00, which is secured by a Deed of Trust of the same date and is signed by Antonio Martinez secured by the real property located at 65 Lo Vista Pl, Las Vegas, NV 89110-0000.

Debtor filed an Ex Parte Motion for Referral to the MMM on May 7, 2018.  The Order ("**MMM Order**") granting the Ex Parte was entered on May 7, 2018.

In connection to the MMM Order Debtor was ordered to upload Debtor's prepared package to the MMM portal within seven (7) days of the entry of this order.  Furthermore, within fourteen (14) days after Lender provides the MMM Portal with its list of required mortgage modification documents and information, Debtor shall provide Debtor's Completed Package to Lender through the MMM Portal.  Lender within seven (7) days shall acknowledge receipt of Debtor's Completed Package on the MMM Portal and designate a signle point of

contact and outside legal, if any.  Lender shall then determine whether additional documents are needed.

Furthermore, the Mediation session is required to take place within 90 days of the entry of the MMM Order.  The MMM Order was entered on May 7, 2018.  The Mediation session is currently set for September 28, 2018, 144 days after the MMM Order was entered.  Debtor has still not provided all required documents and thus has still not complied with the MMM Order.  Lender has already reviewed and denied Debtor for a Loan Modification twice in the past twelve (12) months because Debtor is not eligible for a Loan Modification.  Therefore, the MMM Order should be vacated as Debtor is abusing the process as a delay tactic.

## **THE MMM IS NOT NECESSARY AND THE DELAY IS PREJUDICIAL TO CREDITOR**

On March 1, 2011 Borrower was approved for a 2% HAMP Mod.  Borrower defaulted on the 2% HAMP Mod., and has not performed.  A true and correct copy of the 2% Hamp Mod. is attached hereto as **Exhibit "A"**.

Thereafter, Borrower defaulted under the 2% HAMP Mod. by failing to tender payments beginning in July of 2015.  Debtor filed Debtor's Third Chapter 13 Petition on December 30, 2016 in an effort to reorganize his debt and prevent foreclosure.  At the time of the filing of the Third Petition Debtor was due and owing for $11,176.86 in arrears, accounting for the July 1, 2015 payment through the December 1, 2016 monthly mortage payment.  A true and correct copy of Creditor's Proof of Claim is attached hereto as **Exhibit "B"**.  During the pendency of the Third Petition, Debtor did not tender a single post-petition payment to Lender.  In connection to the Third Petition Debtor filed a Motion for referral to the MMM Program and on April 11, 2017 and order was entered granting Debtor's Motion.  Debtor was reviewed for a Loan Modification through the MMM Program.  A true and correct copy of the Denial letter is attached hereto as **Exhibit "C"**.   Debtor's Third Petition was dismissed over twelve months later, on December 21, 2017, without Debtor tendering a single post-petition payment to Creditor.

In connection to the Instant Petition Debtor has yet again requested to be reviewed for a Loan Modification through the MMM Program.  This is Debtor's second run through the

MMM program and he has filed the application simply as a delay tactic in bad faith. This is a waste of judicial resources and the delay to Creditor is severely prejudicial. Creditor already exerted additional fees and costs in connection to the MMM Program in connection to the First Petition. Debtor was denied for a Modification and did not appeal the decision.

In connection to the Instant Petition, the MMM Order was entered on May 7, 2018 in connection to the Instant Petition. **As of July 20, 2018, 74 days after the MMM Order was entered, Debtor still has not completed his loan modification package** and is delaying Creditor again. Debtor has not provided paystubs, and his bank statements do not provide for deposits from his place of employment. Debtor does not show year-to-date earnings or deductions. Despite the missing documents Movant reviewed Debtor for a Loan Modification based upon the income reported by Debtor. Debtor was issued a denial letter on June 20, 2018. **Debtor was denied on June 20, 2018 because Debtor's monthly gross income of $2,773.33 is insufficient to form a feasible payment. Furthermore, Debtor has accessive arrears in the amount of $23,210.96. Debtor's unpaid arrears are nearly 20% of the unpaid principal balance of $121,257.77.** A true and correct copy of Creditor's POC is attached hereto as **Exhibit "D"**. Additionally, Debtor was already offered a 2% HAMP Mod. in 2011 and Debtor did not perform. It is not possible to offer Debtor another Modification that will offer Debtor better terms than the 2011 2% Hamp Mod. A true and correct copy of the June 14, 2018 denial letter is attached hereto as **Exhibit "E"**.

The further use of the MMM program will cause undue delay and waste of judicial and economic resources. In addition to not following the proper procedures by failing to submit all documents through the MMM Portal timely, the case itself has several flaws. Debtor's proposed Chapter 13 Plan does not provide for the modification of Creditor's Claim. He provides for conduit payments. Debtor however does not list any arrears or include a post-petition montly mortgage payment to Creditor. Debtor has not tendered a single post-petition monthly mortage payment to Creditor and his petition has been pending for five (5) months. Furthermore, Debtor himself admits that he has $0.00 in disposable net income on his Chapter 13 Plan. Debtor cannot reorganize his debts without any disposable net income. The total

arrears owed to Creditor total no less than 23,210.96.  A Chapter 13 Petition is not the appropriate forum for Debtor as he simply does not have the income to afford or reorganize his liabilities.  **Debtor's Plan provides that the Trustee will hold payments for Creditor's Claim during the pendency of the case, however 0 payments have made to the Trustee in the past five months.**

Morevoer, the continouse use of the MMM will result in a waste of resources for both sides.  Both parties will incur significant expense to prepare for and attend an unnecessary mediation because a decision has already been rendered.  Therefore, the case should not be referred to MMM.  Debtor has had Chapter 13 Petitions pending for over 26 months and has failed to tender a single payment to Creditor in connection to any of the pending petitions.  A review of Creditor's POC demonstrates that Debtor is still due and owing for the July 1, 2015 payment, the same payment that Debtor was due for when he filed all prior petitions.  **Debtor has not made <u>one single post-petition payment</u> in connection to any of the four (4) Chapter 13 Petitions he had pending in the past two (2) years.**

Debtor continues to delay Creditor with every available resource he has, yet he does not use the resources for the purposes that they were designed for.  A Chapter 13 Petition is designed to give Debtor the opportunity to reorganize his debts and make payments to Creditor.  He has continuously failed to do so and continues to take advantage of the automatic stay and the MMM portal which only serve to require Creditor to incur additional costs and delay Creditor from excercising its rights available through the Note and Deed of Trust.

## CONCLUSION

To refer the case to MMM will be a waste of resources for both parties.  Debtor has already had a modification decision through the MMM Program use in his First Petition.  Additionally, a review has been completed in connection to the Instant Petition and he has been denied, for the same reasons he was denied in 2017.  As dicussed, the case was filed in bad faith as a delay tactic to prevent foreclosure; the request for referral to the MMM is more of the same.  Therefore, the Order should be reconsidered, and the case should not be referred to MMM.

WHEREFORE, HMC Assets, LLC solely in its capacity as Separate Truste of NSP LA TRUST prays for judgment as follows:

1. For an Order Reconsidering the Order for Voluntary Mortgage Modification mediation;
2. For such other relief as the Court deems proper.

Dated: August 1, 2018                           LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Jennifer R. Bergh
Jennifer R. Bergh, Esq.
Counsel for HMC Assets, LLC solely in its capacity as Separate Truste of NSP LA TRUST